IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                           )<br>)<br>SANDY ANNETTE VARZMANESH, )<br>         Defendant.                        )<br>_____ ) | Criminal Case No.  2:19cr143(RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on the Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion for Compassionate Release") filed by the Defendant *pro se* on February 26, 2021.  (ECF No. 32.)

On September 25, 2019, the Defendant, Sandy Annette Varzmanesh ("Varzmanesh" or "Defendant"), pled guilty pursuant to a written plea agreement and statement of facts to health care fraud.  (ECF Nos. 6, 7.)  As a result of the fraudulent scheme to which she pled, Varzmanesh obtained health care benefit payments from Medicaid in the approximate amount of $863,600 to which she was not entitled, and she was ordered to pay restitution in the amount of $863,601.06.  (ECF No. 20.)  The calculations in the Presentence Investigation Report reflect that the Defendant received a three-point reduction in her offense level under the Sentencing Guidelines for acceptance of responsibility, and accordingly, her total offense level was 19 and her criminal history category was I, yielding an advisory Sentencing Guideline range of 30 to 37 months of imprisonment.  (ECF No. 13.)  The United States sought a sentence within that range, but the Defendant was sentenced to twelve months and one day of imprisonment, followed by one year of supervised release.  (ECF Nos. 15, 23.)  According to the Bureau of Prisons ("BOP"), the

Defendant was released from custody on May 21, 2021. *See* https://www.bop.gov/inmateloc/ (and enter the Defendant's name or BOP number).

The Motion for Compassionate Release has been reviewed and considered. For the reasons set forth herein, the Motion for Compassionate Release will be denied.

The Motion for Compassionate Release sought the Defendant's release from the FMC Lexington Satellite Camp, the facility in which she was serving her sentence, because of her medical conditions, described in the Motion for Compassionate Release, and her fear that a "reinfection [with COVID-19] could be fatal" given the percentage of inmates who were infected by COVID-19 at that facility. (Mot. Compassionate Release, ECF No. 32 at 2-3.) Given that Varzmanesh was released from the FMC Lexington Satellite Camp, it seems that the relief she sought has been effectuated by her release, arguably rendering the Motion for Compassionate Release moot. Nevertheless, the Court has considered the Motion.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.* Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable" and "applicable policy statements issued

by the [United States] Sentencing Commission" before granting a sentence modification. § 3582(c)(1)(A).

To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2). With regard to "applicable policy statements issued by the Sentencing Commission," the United States Court of Appeals for the Fourth Circuit recently clarified that "there currently exists no 'applicable policy statement[].'" *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020). Therefore, the guidance under § 1B1.13 of the United States Sentencing Commission Guidelines Manual does not apply to a motion for a reduction filed by a defendant. *Id.* at 282 ("A sentence reduction brought about by motion of a defendant, rather than the BOP, is not a reduction 'under this policy statement.' By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions. . . .") (citations omitted). Thus, the Fourth Circuit explains in the *McCoy* opinion that "district courts need not conform . . . to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction." *Id.* at 283.[1]

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after the Court finds (1) that the defendant establishes extraordinary and compelling reasons for the reduction, and (2) that a reduction in the defendant's sentence would not undermine the relevant

---

[1] Although the policy statement in U.S.S.G. § 1B1.13 is not binding after the Fourth Circuit's decision in *McCoy*, many courts are treating § 1B1.13 "as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A)," but they are not "treat[ing] its provisions as binding." *United States v. Dean*, No. 15-CR-0339(1), 2020 WL 7055349, at *1 (D. Minn. Dec. 2, 2020) (citing *McCoy*, 981 F.3d at 281); *see also United States v. Spencer*, Criminal No. 2:11cr30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (noting that "the policy statement in U.S.S.G. § 1B1.13 is no longer binding . . . after . . . *McCoy*," but that "the court finds certain of its provisions useful in addressing [compassionate release motions]").

factors under § 3553(a).  The Court assumes for purposes of addressing the pending motion in this case that the Defendant exhausted her administrative remedies.

Despite the fact that the Defendant suffers from several serious medical conditions, including diabetes and hypertension as described in the Motion for Compassionate Release, there is no indication that these conditions were not being properly addressed and treated within the BOP, and the Court does not find that "extraordinary and compelling reasons" warrant a reduction in the Defendant's sentence.  This is especially true in light of her release, which has mooted her concern about her particular vulnerability.  While Varzmanesh has some serious medical conditions that require continued treatment, those conditions were being properly treated while she was incarcerated and are not so severe as to provide an extraordinary and compelling reason for a reduction in her sentence.  Nor does the Court, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors.  The Court finds that a reduction in the Defendant's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense and the history and characteristics of the Defendant.  Accordingly, the Motion for Compassionate Release will be denied.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: June 15, 2021